195 N.J. Super. 119 (1984)
478 A.2d 424
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES G. JONES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 3, 1984.
Decided July 11, 1984.
*121 Before Judges J.H. COLEMAN and BRODY.
Robert Griffin, Assistant Prosecutor, argued the cause for appellant (John H. Stamler, Prosecutor of Union County, attorney; Brian D. Gillet, Assistant Prosecutor, of counsel, and on the brief).
Edward P. Ruane argued the cause for respondent (Juman and Juman, attorneys; Edward P. Ruane, of counsel, and on the brief).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
We granted the State leave to appeal from an order suppressing evidence seized from an automobile without a warrant. For the reasons which follow, we affirm the order under review.
On October 22, 1983, defendant was the operator of a two-door Toyota automobile which overturned on Route 22 west-bound Mountainside, New Jersey. The automobile was resting on its roof. Mountainside Police Officer Olock and a Union County police officer were able to extricate defendant from the automobile by prying open the driver's door.
While defendant was standing outside of the automobile which was still resting on its roof, Officer Olock asked defendant to produce his driving credentials. Defendant produced his driver's license. He indicated that the registration and insurance card were inside the automobile. Defendant received minor lacerations and abrasions that were treated by a rescue squad.
After a tow truck operator restored the automobile to its normal position, Officer Olock proceeded to enter the driver's door to search for evidence of ownership and the insurance card. The interior of the automobile was in a state of total *122 disarray as papers were all over the front seat and other items were over the backseat. As Officer Olock began leaning into the automobile through the driver's door, he observed a leather overnight toiletry case on the backseat. The bag was unzippered and was open. While still leaning into the automobile, he observed a vial inside the case which contained a white powdery substance and a mirror as well as a razor blade. He suspected that the powdery substance was cocaine. After Officer Olock seized the suspected cocaine, defendant was arrested and charged with possession of a controlled dangerous substance.
Defendant filed a motion to suppress the evidence seized pursuant to R. 3:5-7. Officer Olock was the only witness to testify. The trial judge granted the motion. The State now appeals contending that the evidence fell in the plain view of Officer Olock who had a right to enter the automobile to search for evidence of ownership and the insurance card.
It is undisputed that the police officer was obligated to make an accident report required by N.J.S.A. 39:4-131. In order to properly make out that report, the police needed to see defendant's driver's license, registration and insurance card. Also, it is undisputed that N.J.S.A. 39:3-29 requires that the operator of an automobile must be in possession of a driver's license, the registration to the motor vehicle, and an insurance identification card. The crucial issue in the case, therefore, becomes whether the police officer had a right to enter the car to search for the registration and insurance card before affording defendant a reasonable opportunity to obtain them from the vehicle himself.
As was observed in State v. Boykins, 50 N.J. 73, 77 (1967), where there has been a traffic violation and the operator of the motor vehicle is unable to produce proof of registration, a police officer may search the car for evidence of ownership. However, in State v. Patino, 83 N.J. 1, 12 (1980), it was made clear that a search for evidence of ownership must be "confined to the glove compartment or other area where a registration *123 might normally be kept in a vehicle...." (Quoting State v. Barrett, 170 N.J. Super. 211, 215 (Law Div. 1979)).
As the trial judge correctly pointed out, the record does not establish that any attempts were made by the police to allow defendant to obtain his registration and insurance identification card from the motor vehicle after it had been returned to a proper position. Defendant sustained only minor lacerations and abrasions in the accident. Nothing remotely suggests that defendant would have been unable or unwilling to retrieve his registration and insurance card from the vehicle once it was restored to its upright position. Defendant simply was never afforded such opportunity. Since no reasonable opportunity was afforded defendant to retrieve the registration and insurance card, the State cannot now successfully argue that defendant failed to produce the registration and insurance card. We read Boykin and Patino as requiring a showing that defendant was either unable or unwilling to produce the registration and insurance card. No such showing was made here.
In State v. Gammons, 113 N.J. Super. 434 (App.Div. 1971), aff'd 59 N.J. 451 (1971), defendant was unable to produce his driving credentials because he was then confined to the hospital. Here, defendant only sustained minor injuries which did not render him unable to retrieve his registration and insurance card once the automobile was returned to its upright position. We reject the State's argument because it would allow the police to enter a vehicle to search for evidence of ownership as a pretext to conduct an exploratory search similar to the inventory search condemned in State v. Slockbower, 79 N.J. 1 (1979). Hence, we conclude that in the circumstances here presented, the police officer had no right to be inside the motor vehicle searching for evidence of ownership or for the insurance identification card. Even evidence falling into plain view must be suppressed unless the officer was lawfully in the viewing area. State v. Bruzzese, 94 N.J. 210, 236 (1983).
*124 The State suggests that because defendant was treated by the rescue squad, the police would have been delayed in filling out the accident report had they waited for defendant to look for the registration and insurance card. This contention lacks merit. A defendant's constitutional right to privacy in his vehicle and personal effects cannot "be subordinated to mere considerations of convenience to the police short of substantial necessities grounded in the public safety." State v. Slockbower, 79 N.J. at 12. In this case, we fail to see any "necessities grounded in the public safety."
The order suppressing the evidence is accordingly affirmed.