STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
BARBARA HILL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1987—Decided June 3, 1987.

Before Judges J.H. COLEMAN and GRUCCIO.

*Ira F. Back* argued the cause for appellant.

*Leslie F. Schwartz,* Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards,* Attorney General of New Jersey, attorney; *Leslie F. Schwartz* of counsel and on the letter brief).

The opinion of the court was delivered by

J.H. COLEMAN, J.A.D.

The novel question raised in this appeal is whether a police officer has conducted a constitutionally impermissible search when he looks into a handbag on the front seat of an unattended and suspiciously parked motor vehicle for evidence of ownership. The trial judge held that the search was reasonable and denied a motion to suppress evidence seized. We now affirm.

Following the denial of a motion to suppress the use of certain controlled dangerous substances, defendant entered a conditional guilty plea, *see R.* 3:9–3(f), to possession of methamphetamine with intent to distribute, contrary to *N.J.S.A.* 24:21–19a(1). Defendant was sentenced to a probationary term of three years with the condition that she serve 364 days in the Camden County Jail under a work release program. Defendant was granted bail pending this appeal. In this appeal, defendant contends only that "the search of the defendant's automobile without a search warrant was unconstitutional and any evidence obtained during such a search should be suppressed."

At the conclusion of the hearing on the suppression motion, the judge made detailed factual findings which are not disputed. On October 16, 1985, at approximately 7:20 p.m., Officer Charles Boyle of the Gloucester Township Police Department received a dispatch directing him to investigate a report of a suspicious blue automobile parked in front of 109 Garfield Avenue. When Officer Boyle arrived at the scene, he observed a 1978 blue Volkswagon parked almost directly in front of the residence at that location. There were no other vehicles parked

in the vicinity. The nose of the vehicle was approximately six inches from the curb, while the rear of the automobile extended one to two feet from the curb. The officer concluded that the vehicle had been parked in a hurried manner, which suggested that the car had been stolen or that the operator might have met with foul play.

Officer Boyle then radioed headquarters to report his location and the registration number of the vehicle. While waiting for a report on the automobile's ownership which could have taken up to two hours, Officer Boyle approached the vehicle and pointed a flashlight at its window. He observed an unzippered handbag on the front passenger seat.

In order to further investigate his suspicion that the car was either stolen or that the owner of the vehicle was possibly in trouble, Officer Boyle opened the driver's unlocked door. He picked up the unzippered handbag to look for identification and observed plastic bags containing what he suspected to be narcotics. The officer then placed the handbag back on the passenger seat, closed the door and returned to his patrol car. He then radioed headquarters and asked Detective Bakely to join him at the scene. At that time, the dispatcher informed Boyle that the vehicle was registered to defendant and her address was given to Boyle.

While Boyle was canvassing the neighborhood in an attempt to locate defendant, Patrolman Shuck was sent to defendant's house for information. Patrolman Shuck spoke to defendant's daughter who advised that defendant had gone to Atlantic City with her boy friend. After obtaining this information, defendant's vehicle was placed under surveillance. When defendant returned and drove off in her vehicle at approximately 12:05 a.m., she was stopped by Boyle and the handbag previously observed on the front seat and another handbag were

searched.[1]  Both handbags contained drugs and defendant was arrested.

When the police department was notified of a suspicious vehicle in the neighborhood, it was obligated to investigate possible infractions of the law and to use diligence to apprehend any law breaker or to prevent possible violations which might have occurred shortly. *Anderson v. Sills,* 56 *N.J.* 210, 222 (1970); *State v. Dilley,* 49 *N.J.* 460, 464 (1967); *State v. Borrell,* 18 *N.J.* 16, 21 (1955).  Here, Boyle said he investigated defendant's vehicle because he suspected that it was a stolen car or that foul play had befallen the operator.  Those were reasonable inferences to be drawn based on the totality of the circumstances and Boyle's experience as a policeman. *State v. Davis,* 104 *N.J.* 490, 502–504 (1986); *State v. Anderson,* 198 *N.J.Super.* 340, 350 (App.Div.1985).  These inferences were objectively reasonable. *State v. Bruzzese,* 94 *N.J.* 210, 219–220 (1983), *cert.* denied 465 *U.S.* 1030, 104 *S.Ct.* 1295, 79 *L.Ed.*2d 695 (1984).

It is now well established that while conducting an investigation of a traffic offense, a policeman may conduct a limited search of the vehicle for evidence of ownership when the operator is unable or unwilling to produce evidence of ownership. *State v. Patino,* 83 *N.J.* 1, 12 (1980); *State v. Boykins,* 50 *N.J.* 73, 77 (1967); *State v. Jones,* 195 *N.J.Super.* 119, 122–123 (App.Div.1984); *State v. Gammons,* 113 *N.J.Super.* 434, 437–438 (App.Div.1971), aff'd 59 *N.J.* 451 (1971). Where, as here, the policeman conducts an investigation of a possibly stolen car or possible harm to the operator, both of which are more serious than most traffic offenses, we perceive no valid reason why a limited search of the vehicle for evidence of ownership should be characterized as an unreasonable

---

[1]Defendant does not advance any separate argument concerning the second handbag.  It seems clear that the second handbag was searched based on the unannounced arrest for the drugs observed in the first.

search. *See State v. Leandry,* 151 *N.J.Super.* 92, 96–97 (App. Div.1977), certif. den. 75 *N.J.* 532 (1977). Clearly, in the circumstances, the handbag on the front seat of the unlocked vehicle was one of those "other area[s] where a registration might normally be kept in a vehicle...." *Patino, supra,* 83 *N.J.* at 12. The initial search which was limited to the handbag on the front seat, was reasonable in scope and tailored to determine the owner of the vehicle. The touchstone of the Fourth Amendment and Article 1, paragraph 7 of the New Jersey Constitution is reasonableness. *Bruzzese, supra,* 94 *N.J.* at 216–217. Once the contraband was observed while looking for evidence of ownership, it was not necessary to first obtain a warrant before seizing the contraband. *State v. Alston,* 88 *N.J.* 211, 233 (1981).

We agree with the trial judge that the State sustained its burden of proving the reasonableness and validity of the warrantless search and seizure. *State v. Valencia,* 93 *N.J.* 126, 133 (1983). Consequently, we affirm the order denying the motion to suppress as well as the judgment of conviction.

Affirmed.