282 N.J. Super. 212 (1995)
659 A.2d 939
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID HOLMGREN, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES SANDERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued and Submitted March 28, 1995.
Decided June 5, 1995.
*213 Before Judges BRODY, LONG and ARNOLD M. STEIN.
Gerard E. Hanlon argued the cause for appellant David Holmgren.
*214 Bumgardner, Hardin & Ellis, attorneys for appellant Charles Sanders (Patrick J. Clare, of counsel and on the brief).
Joseph Connor, Jr., Assistant Prosecutor, argued the cause for respondent (W. Michael Murphy, Jr., Morris County Prosecutor, attorney; Mr. Connor, on the letter-briefs).
The opinion of the court was delivered by BRODY, P.J.A.D.
Defendants were indicted for various CDS crimes after a police officer found a kilo of cocaine while searching the contents of defendant Holmgren's duffel bag. The issue before us is whether the search was lawful. The trial judge denied defendants' motions to suppress.[1] We reverse.
The only evidence respecting the search is the testimony of the arresting officer who stopped defendants' rented car around 3:15 a.m. for speeding. The car bore Minnesota license plates. Holmgren was driving; Sanders was asleep on the back seat. When the officer asked Holmgren for his driver's license, proof of auto insurance, and proof of ownership, Holmgren produced his license but was unable to find the other papers in the glove compartment. He did not realize that the rental agency had attached them to the visor above his seat.
Holmgren advised the officer before the search that the car was rented. The officer acknowledged that in his experience papers proving ownership and insurance of a rented car might normally be found in its glove compartment, console or attached to the driver's visor. After Holmgren was unable to produce ownership *215 or insurance papers from the glove compartment, rather than look at the visor for the papers, the officer awoke Sanders and asked him if he knew where the papers could be found. According to the officer, Sanders responded that the papers were "probably in the front bag." The reference was to a duffel bag that the officer reasonably and correctly believed belonged to Holmgren. Without Holmgren's consent, the officer then went "through [the bag] to see if there was any other paperwork." While going through Holmgren's bag, he found the cocaine.
The State argues that the search of the duffel bag was a lawful effort by the officer to locate proof of ownership and insurance, to allay or enhance the officer's reasonable suspicion that the car was stolen.
The proper scope of a police search for automobile credentials after a traffic stop is found in State v. Jones, 195 N.J. Super. 119, 122-23, 478 A.2d 424 (App.Div. 1984):
[W]here there has been a traffic violation and the operator of the motor vehicle is unable to produce proof of registration, a police officer may search the car for evidence of ownership. However, ... a search for evidence of ownership must be "confined to the glove compartment or other area where a registration might normally be kept in a vehicle...." [quoting State v. Patino, 83 N.J. 1, 12, 414 A.2d 1327 (1980) (quoting State v. Barrett, 170 N.J. Super. 211, 215, 406 A.2d 198 (Law.Div. 1979)).]
The State contends that the officer could lawfully conduct a search of Holmgren's duffel bag even though it is not a place where registration and insurance papers might normally be kept because Sanders told the officer that those papers were probably there.
The fact that the driver of a vehicle cannot immediately produce the vehicle's registration or proof of insurance supports a reasonable suspicion that the vehicle is stolen. That suspicion authorizes a police officer to conduct a limited warrantless search of areas in the vehicle where such papers might normally be kept by an owner. An owner normally keeps such papers in relatively non-private areas such as the glove compartment. The limitation assures that a reasonable-suspicion warrantless search not intrude *216 into more private areas where a suspected thief might have placed the papers.
Although the inability of a driver to produce driving credentials raises a reasonable suspicion that the vehicle was stolen, it does not constitute probable cause to believe that the vehicle was stolen. It is not rare that a person stopped for a traffic violation does not have proof of ownership and insurance immediately at hand. Inability to produce such papers on the spot does not authorize a police officer to violate a person's reasonable expectations of privacy by conducting a probable-cause search of his or her wallet, purse or bag without consent.[2]See People v. Superior Court, 7 Cal.3d 186, 101 Cal. Rptr. 837, 842-46, 496 P.2d 1205, 1210-14 (1972). (A motorist's failure to produce the vehicle's registration raises a reasonable suspicion that the vehicle is stolen but, without more, does not constitute probable cause to believe it is stolen so as to permit the arrest and search of the motorist.)
Thus, even if Sanders' comment gave the officer probable cause to believe that the driving credentials were in Holmgren's duffel bag, the officer was not thereby authorized to search the bag in the absence of probable cause to believe that the car was stolen.
The order denying defendants' motions to suppress is reversed and the matter remanded for further proceedings.
NOTES
[1] Holmgren pled guilty to first-degree possession of the cocaine with intent to distribute, a violation of N.J.S.A. 2C:35-5a(1). We granted his motion for leave to appeal, which has held up his sentencing. Sanders was convicted, by his guilty plea, of third-degree possession of the cocaine, a violation of N.J.S.A. 2C:35-10a(1), and placed on probation. He has appealed the conviction.
[2] The State acknowledges that the search was not based on consent.